IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BORGER PROPERTIES, INC. et al. | § | |
| | § | |
| vs. | § | Case No. _____ |
| | § | |
| AUER CORPORATION, et al. | § | |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BORGER PROPERTIES, INC., | § | Case No. 10-20168-RLJ-11 |
| | § | |
| Debtor. | § | |

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WHEELER HOSPITALITY, INC., | § | Case No. 10-20166-RLJ-11 |
| | § | |
| Debtor. | § | |

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BORGER HOSPITALITY, INC., | § | Case No. 10-20170-RLJ-11 |
| | § | |
| Debtor. | § | |

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DECATUR HOSPITALITY, INC., | § | Case No. 10-20171-RLJ-11 |
| | § | |
| Debtor. | § | |

**NOTICE OF REMOVAL OF CIVIL ACTION AND MOTION TO TRANSFER VENUE**

TO THE HONORABLE COURT:

BORGER PROPERTIES, INC., WHEELER HOSPITALITY, INC., BORGER HOSPITALITY, INC., and DECATUR HOSPITALITY, INC. ("Debtors"), defendants and counter-defendants in the above-captioned Adversary Proceeding, and debtors in the above-captioned Chapter 11 proceedings, respectfully file this Notice of Removal and Motion to Transfer Venue ("Notice of Removal") in order to effectuate removal of *Borger Properties, Inc, et al v. Auer Corporation, et al.*, Case No. 09-01-00563, 9th District Court in and for Montgomery County, Texas, and place same on this Court's docket as an Adversary Proceeding.

**I.GROUNDS**

A.   **NOTICE OF REMOVAL**

i.   **Procedural Posture and Background**

Debtors are corporations, more specifically single asset real estate entities, engaged in business in the hotel industry.  During 2007 and 2008, Debtors, along with related entities Childress Hospitality, L.P., and Perryton Hospitality, Inc. ("Related Debtors")[1], entered into contracts with Auer Corporation ("Auer") whereby Auer agreed to act as the general contractor and construct 7 hotels for Debtors and Related Debtors.  The hotels owned by Related Debtors ("Related Debtors' Hotel Properties") are located in Childress and Ochiltree Counties, Texas, both of which fall within the geographic jurisdiction of the Northern District of Texas.  The hotels owned by Debtors ("Debtors' Hotel Properties") are located in Wise, Wheeler, Hutchinson and Snyder Counties, Texas, all of which fall within the geographic jurisdiction of the Northern District of Texas, as well as one hotel in Martin County, Texas, which falls within the geographic jurisdiction of the Western District of Texas.

---

1

A Motion for Joint Administration ("Motion") is currently pending in Debtors' and Related Debtors' Chapter 11 cases, all pending in the United States Bankruptcy Court for the Northern District of Texas, Amarillo Division.  Debtors anticipate that the Court will grant the Motion in the coming days.

**j.** _____

During construction of the 7 hotels, litigation associated therewith sprang up all across the Northern District of Texas. The majority of the litigation involves unpaid subcontractors, many of whom provided labor and materials on all of Debtors' and Related Debtors' Hotel Properties, seeking to foreclose on mechanic's liens against Debtors' and Related Debtors' Hotel Properties. Additionally, eight lawsuits between Auer, Debtors and Related Debtors were filed ("Auer Litigation"). Of the eight suits constituting the Auer Litigation, three were filed in, and one was procedurally manipulated by Auer into, the 9th District Court in Montgomery County, Texas ("Montgomery County Litigation"). Upon Debtors' filing this Notice of Removal, the Montgomery County Litigation became this Adversary Proceeding. The balance of this subsection is a more thorough explanation of the Montgomery County Litigation, as well as a recitation of the bankruptcy filings of Debtors.

**k.** On or about January 6, 2009, Debtor Borger Hospitality, Inc., filed suit against Auer Corporation ("Auer"), under Case No. 6192, in the 118th District Court in and for Martin County, Texas. This case was subsequently transferred to the 9th District Court in and for Montgomery County, Texas. _____

**l.** On or about January 20, 2009, Auer filed suit against Debtor Decatur Hospitality, Inc., under Case No. 09-01-00563, in the 9th District Court in and for Montgomery County, Texas. _____

**m.** On or about January 20, 2009, Auer filed suit against Debtor Wheeler Hospitality, Inc., and Toli, Inc., under Case No. 09-01-00564, in the 410th District Court in and for Montgomery County, Texas. This case was subsequently transferred to the 9th District Court in and for Montgomery County, Texas. _____

n.      On or about January 20, 2009, Auer filed suit against Debtor Borger Properties, Inc., under Case No. 09-01-00565, in the 9th District Court in and for Montgomery County, Texas.

o.      All of the above-referenced cases in Montgomery County were subsequently consolidated into a single action under Case No. 09-01-00563, in the 9th District Court in and for Montgomery County, Texas, styled as *Borger Properties, Inc., et al. v. Auer Corporation, et al.*, i.e. the Montgomery County Litigation.

p.      On March 12, 2010, an order for relief under Chapter 11 of the United States Bankruptcy Code was entered in Chapter 11 Case No. 10-20166-RLJ-11, *In re Wheeler Hospitality, Inc.*, in the United States Bankruptcy Court for the Northern District of Texas, Amarillo Division.

q.      On March 12, 2010, an order for relief under Chapter 11 of the United States Bankruptcy Code was entered in Chapter 11 Case No. 10-20168-RLJ-11, *In re Borger Properties, Inc.*, in the United States Bankruptcy Court for the Northern District of Texas, Amarillo Division.

r.      On March 12, 2010, an order for relief under Chapter 11 of the United States Bankruptcy Code was entered in Chapter 11 Case No. 10-20170-RLJ-11, *In re Borger Hospitality, Inc.*, in the United States Bankruptcy Court for the Northern District of Texas, Amarillo Division.

On March 12, 2010, an order for relief under Chapter 11 of the United States Bankruptcy Code was entered in Chapter 11 Case No. 10-20171-RLJ-11, *In re Decatur Hospitality, Inc.*, in the United States Bankruptcy Court for the Northern District of Texas, Amarillo Division.[2]

---

2 Debtors would note that Related Debtors also filed petitions under Chapter 11 of the Bankruptcy Code on March 12, 2010. *In re Childress Hospitality, L.P.*, Case No. 10-20169-RLJ-11, and *In re Perryton Hospitality, Inc.*, Case No. 10-20167-RLJ-11, are now pending

s.   ii.        **Grounds for Removal**

t.        "A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."  28 U.S.C. § 1452.

u.        The bankruptcy court has original jurisdiction of this matter under 28 U.S.C. §§ 157(b) and 1334.

v.        Upon removal of the state court action, this civil action is a core proceeding under 28 U.S.C. §§ 157(b)(2)(B), (E), (K) and/or (O).

w.        This Adversary Proceeding alleges causes of action for breach of contract, declaratory judgment to invalidate mechanic's liens on real property of the estate, foreclosure of mechanic's liens on real property of the estate, appointment of a receiver and fraud.

—   **This Case is a Core Proceeding Pursuant to 28 U.S.C. § 157(b)(2)(B)**

2.        This Adversary Proceeding will have an impact on the allowance or disallowance of a claim against the estates, and will directly affect the estimation of claims for the purposes of confirming a plan under Chapter 11.  *See* 28 U.S.C. § 157(b)(2)(B).  The relief sought by Auer in this Adversary Proceeding, alleged monetary damages and foreclosure of Auer's mechanic's liens, is a contingent claim against the several estates.  The allowance or disallowance of said claim will partially be determined by the outcome of this Adversary Proceeding.  Debtors use the term "partially" because two of the debtor-parties to this Adversary Proceeding are also parties to the following adversary proceedings in the Northern District of Texas:

before the United States Bankruptcy Court for the Northern District of Texas, Amarillo Division.

a.      *Borger Hospitality, Inc. v. Auer Corporation*, originally Case No. 23,283 in the 132nd District Court in and for Scurry County, Texas, now pending in the United States Bankruptcy Court for the Northern District of Texas, Lubbock Division, by virtue of that certain Notice of Removal filed contemporaneously with this Notice of Removal, and for which a Motion for Intra-District Transfer has been filed, seeking transfer of the case to the United States Bankruptcy Court for the Northern District of Texas, Amarillo Division; and

3.

a.      *Borger Properties, Inc. v. Auer Corporation and Raymond Teague*, originally Case No. 38,541 in the 84th District Court in and for Hutchinson County, Texas, now pending in the United States Bankruptcy Court for the Northern District of Texas, Amarillo Division, by virtue of that certain Notice of Removal filed contemporaneously with this Notice of Removal (collectively as "Northern District Adversaries").

4.      Any awards for or against Debtor Borger Hospitality, Inc., and Debtor Borger Properties, Inc. (collectively as the "N.D.Tex. Plaintiffs") in this Adversary Proceeding must be reconciled with any awards in the Northern District Adversaries to calculate the amount of any asset of the estate, or allowed claim against the estate. Due to the amount of the damages alleged by Auer and the N.D.Tex. Plaintiffs, the estimation of any such asset or allowed claim will affect, if not completely control, the Chapter 11 plan formulation for the N.D.Tex. Plaintiffs. Accordingly, this Adversary Proceeding is a core proceeding.

5.

—   This Case is a Core Proceeding Pursuant to 28 U.S.C. § 157(b)(2)(E)

7.      This Adversary Proceeding includes causes of action seeking the appointment of a receiver for Auer, so that in turn said receiver may locate and turnover property of the several estates. *See* 28 U.S.C. § 157(b)(2)(E). Debtors have alleged that Auer has removed construction materials from Debtors' Hotel Properties and refused to return same to Debtors. In addition to monetary damages, Debtors' seek return of any of Debtors' property, now property of the several estates. Accordingly, this Adversary Proceeding is a core proceeding.

—   This Case is a Core Proceeding Pursuant to 28 U.S.C. § 157(b)(2)(K)

9.      This Adversary Proceeding includes causes of action seeking determination of the validity and extent of liens against property of the estate. *See* 28 U.S.C. § 157(b)(2)(K). Auer has filed multiple Affidavits of Mechanic's Liens ("Liens") against Debtors' Hotel Properties. A significant portion of Debtors' claims and counter-claims in this Adversary Proceeding seek to invalidate the Liens. Accordingly, this Adversary Proceeding is a core proceeding.

—   This Case is a Core Proceeding Pursuant to 28 U.S.C. § 157(b)(2)(O)

11.     This Adversary Proceeding will have an impact on the liquidation of the assets of the estate and the adjustment of the debtor-creditor relationship. *See* 28 U.S.C. § 157(b)(2)(O). To illustrate, "The Fifth Circuit applies 28 U.S.C. § 157(b)(2)(O) when the controversy is 'inextricably tied to the bankruptcy proceeding because it affects the liquidation of assets.'" *In re Hallwood Energy, L.P., et al.*, 2009 WL2601294 at *7 (Bankr. S.D.Tex. 2009) (citing *In re Baudoin*, 981 F.2d 736, 742 (5th Cir. 1993)).

12.     Any awards entered for or against Debtors will directly affect the amount of funds available to fund a Chapter 11 Plan, which Plan must address the multitude of subcontractors who have filed Affidavits of Mechanic's Liens against Debtors' Hotel

Properties. However, more importantly, the outcome of this Adversary Proceeding may very well be dispositive as to whether Debtors will be able to reorganize under Chapter 11. Due to the large amount of damages at stake in this Adversary Proceeding, a judgment entered against Debtors would likely force Debtors to abandon reorganization under Chapter 11, instead converting their cases to ones under Chapter 7 and moving forward with liquidation of the several estates. Therefore, this Adversary is "inextricably tied" to the bankruptcy proceedings, and as such, this Adversary Proceeding is a core proceeding. Also, as recited above in regard to 28 U.S.C. § 157(b)(2)(B), any awards for or against the N.D.Tex. Plaintiffs must be reconciled with any awards for or against the N.D.Tex. Plaintiffs entered in the Northern District Adversaries. Accordingly, this Adversary is a core proceeding.

13.     This notice is filed with the clerk of the Bankruptcy Court rather than the clerk of the United States District Court under General Order 2005-6, the General Order of Reference, filed among the records of the United States District Court for the Southern District of Texas.

14.     Debtors consent to entry of final orders in this matter by the judge for the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

15.     Attached to this notice of removal as Exhibit "A" is a Certificate of Interested Parties.

16.     Copies of all state court pleadings and processes are being filed contemporaneously with this Notice. Exhibit "B" attached to this Notice is an index of those pleadings being filed.

Q.  MOTION TO TRANSFER VENUE

18.     The disposition of certain contested matters in the several bankruptcy cases may be potentially dispositive of some of the claims or interests asserted in this Adversary Proceeding, and the disposition of this Adversary Proceeding may be potentially dispositive of some of the claims or interests asserted in the several bankruptcy cases – thus, it is in the interest of judicial economy and consistent rulings on matters pertaining to the administration of the bankruptcy estate for all matters to be removed to the United State Bankruptcy Court for the Northern District of Texas, Amarillo Division, where the underlying bankruptcy cases are now pending.

19.     This case should be removed directly to the Bankruptcy Court for the Northern District of Texas, Amarillo Division, rather than the United States District Court for the Northern District of Texas, Amarillo Division, under the Order of Reference of Bankruptcy Cases and Proceedings filed among the records of the United States District Court for the Northern District of Texas.

20.     A motion to transfer venue in a "proceeding under title 11" is governed by 28 U.S.C. § 1412. Alternatively, 28 U.S.C § 1404(a) governs a motion to transfer venue for a case "related to a proceeding under title 11." *Edge Petroleum Operating Co., Inc. v. Duke Energy Trading & Mktg., L.L.C.*, 311 B.R. 740, 743 n.1 (S.D.Tex. 2003). "Regardless the inquiry is the same under either statute so the Court's analysis would not be any different" under 28 U.S.C. § 1412 or 28 U.S.C. § 1404(a). *Id.*

28 U.S.C. § 1404(a) contains one additional requirement that the action sought to be transferred could have been originally brought in the district in which defendant seeks a transfer. *Sabre Tech., L.P. d/b/a Skyline Displays of Houston v. TSM Skyline Exhibits, Inc., et al.,* WL4330897 at *9 (S.D.Tex. 2008). In this Adversary Proceeding, Debtors are corporations with their corporate headquarters located in the Northern District of Texas. With the exception of Debtor Borger Hospitality, Inc.'s hotel property located in Martin

County, Texas, all of Debtors' Hotel Properties are located in the Northern District of Texas.[3]

21.

Also, "under 28 U.S.C. § 1409(a), a proceeding arising under or related to a bankruptcy may be brought in the district where the bankruptcy proceeding is pending." *Id.* Therefore, because the Northern District of Texas is the district in which Debtors' corporate headquarters are located, as well as the district in which Debtors' Chapter 11 bankruptcy cases are pending, the Northern District of Texas would have been a proper venue for this Adversary Proceeding to have been originally filed.

22.    As a preliminary matter, "there is a strong presumption in favor of placing venue in the district court where the bankruptcy case is pending." *Id.* at *8. As for the required factors, both 28 U.S.C. §§ 1404(a) and 1412 provide that a district court may transfer a case (1) in the interest of justice, or (2) for the convenience of the parties.

i.    Interest of Justice

2.    In analyzing the "interests of justice" under 28 U.S.C. § 1412, there is no difference between the factors as applied under 28 U.S.C. § 1412 or 28 U.S.C. § 1404(a). *Edge Petroleum Operating Co., Inc. v. Duke Energy Trading & Mktg., L..L.C.*, 311 B.R. 740, 743 n.1 (S.D.Tex. 2003). "The Fifth Circuit has explained that the 'interest of justice' inquiry involves considering four public interest factors: '(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or the application of foreign law." *Sabre Tech.*, WL4330897 at 9 (*citing In re Volkswagen*, 371 F.3d 201, 203 (5th Cir. 2004)).

—  Court Congestion is Not a Relevant Factor in This Case

4.    With regard to the first factor, "court congestion," there is nothing to suggest that the Bankruptcy Court for the Northern District of Texas, Amarillo Division, has any greater a caseload than this Court. Further, "promoting the efficient administration of the bankruptcy estate is an important factor. Allowing the bankruptcy court to adjudicate the core claims involved in this case, as well as the other related claims, promotes the efficient administration of the bankruptcy estate." *Id.* (internal citations omitted).

—  Venue Should be Transferred Due to Localized Interests in the Northern District

—

7.    The second factor, "localized interests," weighs in favor of transfer. Debtors are corporations with their corporate headquarters located in the Northern District of Texas. Three of the four of Debtor's Hotel Properties, along with all of the Related Debtors' Hotel Properties, are located in the Northern District of Texas. Of the approximately 30 lawsuits filed by unpaid subcontractors who provided labor and/or materials for construction of the Debtors' and Related Debtors' Hotel Properties ("Subcontractor Lawsuits"), the overwhelming majority are pending, stayed by Debtors' filing of Suggestions of Bankruptcy, in counties located in the Northern District of Texas. The breakdown of those lawsuits is as follows:

---

3 However, Borger Hospitality is the only entity among the Debtors and Related Debtors to own two properties – the one in Martin County (Western District of Texas), and one in Scurry County (Northern District of Texas).

25 of the 30 Subcontractor Lawsuits are pending in counties located in the Northern District of Texas[4]

    8.

    9.    22 of the 25 Subcontractor Lawsuits pending in counties located in the Northern District of Texas specifically include Auer as a named defendant

    10.

    11.    16 of the Subcontractor Lawsuits are pending in counties located in the Amarillo Division of the Northern District of Texas

    12.    The majority of the Subcontractor Lawsuits are predicated on subcontractors' mechanic's liens ("Subs' Liens") on the Debtors' and Related Debtors' Hotel Properties.  In order to address many of the Subs' Liens, Debtors and Related Debtors will be forced to either: 1) remove the Subcontractor Lawsuits to the Bankruptcy Court for the Northern District, Amarillo Division; or 2) initiate original adversary proceedings in the Bankruptcy Court for the Northern District, Amarillo Division.  Therefore, regardless of the manner in which Debtors and Related Debtors choose to address the Subs' Liens, the end result will be multiple adversary proceedings, all taking place in the United States Bankruptcy Court for the Northern District of Texas, Amarillo Division.

    13.    Of the approximately 38 total lawsuits generated by the business dealings between Auer and Debtors and Related Debtors, only *FOUR* were located in the Southern District of Texas, more specifically, Montgomery County.  Further, those four cases were only in Montgomery County because of a venue provision, the validity of which was the subject of much dispute in the state court litigation, contained in some of the contracts between Debtors and Auer.  Accordingly,

---

4 Of the five Subcontractor Lawsuits pending outside of the Northern District of Texas, three are pending in Denton County, which is located in the Sherman Division of the Eastern District of Texas.  While not technically within the boundaries of the Northern District of Texas, litigation pending in Sherman, Texas, would certainly have more localized interest in the Northern District than the Southern District of Texas.

the Northern District of Texas, particularly the Amarillo Division, has the overwhelming substantive "localized interest" in this Adversary Proceeding.

&mdash;   **The Courts' Familiarity with Governing Law is Not a Relevant Factor in This Case**

15.     The third factor is neutral.  This case involves Texas law, and from this point forward, will involve bankruptcy law.  Both the Northern and Southern Districts of Texas have Standing Orders of Reference referring bankruptcy cases to the bankruptcy courts within those districts, so a bankruptcy judge will interpret bankruptcy law in this case.

16.

17.

&mdash;   **There Are no Conflicts of Law, But There is Potential For Conflicting Judgments if Venue is Not Transferred**

&mdash;

There do not appear to be any conflicts of law problems as between this case being tried in the Bankruptcy Court for the Southern District of Texas, Houston Division, or the Bankruptcy Court for the Northern District of Texas, Amarillo Division. However, Debtors would note that there does exist a serious potential for differing rulings, and consequently differing awards of damages, as between the exact same parties, litigating the exact same claims.  Because the Northern District Adversaries, one of which was removed from state court directly to the Amarillo Division,[5] are already before the Northern District of Texas, those cases will be tried in the Northern District of Texas.  If this Adversary Proceeding were to be tried before this Court, the claims and counter-claims herein may be disallowed in the Northern District, while at the same time be allowed in the Southern District, or vice versa.

&mdash;

In addition to the allowance or disallowance of a claim against the N.D.Tex. Plaintiffs, each Court's rulings would also determine whether any such allowed claim would be secured or unsecured. Accordingly, this Adversary Proceeding should be transferred to the Northern District of Texas, Amarillo Division, in order to avoid forcing two of the four Debtors in this Adversary to formulate

---

5 The Honorable Robert L. Jones presides over both the Amarillo and Lubbock Divisions of the Bankruptcy Court for the Northern District of Texas.  In light of that fact, along with the fact that two additional Adversary Proceedings, *Perryton Hospitality, Inc. v. Auer Corporation* and *Childress Hospitality, L.P. v. Auer Corporation*, were removed directly to the Bankruptcy Court in Amarillo, even if the intra-district transfer were to be denied in the case pending in the Lubbock Division, similar rulings would be reached in all four cases because they are before the same judge, Judge Jones.

**and implement Chapter 11 Plans with the possibility of conflicting secured and unsecured, allowed and disallowed, claims.**

— **Two of the four aforementioned factors indicate the propriety of transferring this case to the Northern District of Texas. The remaining two factors are neutral. Accordingly, under the "interest of justice" prong of 28 U.S.C. § 1412, this Court should transfer venue of this case to the Northern District of Texas, Amarillo Division.**

—
—

**xxiv.        Convenience of the Parties**

**25.        "Courts should evaluate the convenience of the parties and witnesses based on certain private interest factors. These factors include: '(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Sabre Tech.,* WL4330897 at \*10 (citing *In re Volkswagen*, 371 F.3d at 203). "Courts also consider the plaintiff's choice of forum, the place of the alleged wrong, and the possibility of delay or prejudice if transfer is granted." *Id.* (citing *In re Horseshoe Entm't,* 337 F.3d 429, 433-34 (5th Cir. 2003)). However, "delay or prejudice" must be shown by clear and convincing evidence by any opponent of transfer, and "the plaintiff's choice of forum is clearly a factor to be considered but in and of itself it is neither conclusive nor determinative." *Horseshoe Entm't,* 337 F.3d at 434.**

— **Proof Will be More Easily Accessible in the Northern District of Texas**

**27.        The first enumerated factor, "ease of access to proof," indicates a need to transfer the case to the Northern District of Texas. The witnesses and records of Debtors are located in the Northern District of Texas. While Auer's records, and some of its witnesses, may be located in the Southern District of Texas, the majority of the witnesses, namely the subcontractors and material suppliers involved in the Subcontractor Lawsuits, are presumptively located near the construction projects at issue — in the Northern District of Texas. As shown above, more than 80% of the Subcontractor Lawsuits are pending in counties located in the Northern District of Texas, and more than 70% of the Subcontractor Lawsuits in the Northern District include Auer as a named Defendant. The remaining 20% of the Subcontractor Lawsuits, five cases total, are split 3 – 2 between the Eastern and Western Districts of Texas. But, perhaps most telling, is the fact that *ZERO* subcontractors have filed suit in the Southern District of Texas. None. Therefore, long before Debtors filed their Chapter 11 Petitions, Auer was already involved in litigation all across the Northern District of Texas. Accordingly, a transfer will decrease cost for Debtors and subcontractors, and will likely have a neutral impact on the costs of Auer.**

— **Compulsory Service is Likely to be More Available in the Northern District**

**29.        The second factor, availability of compulsory service, is unknown at this time. Debtors are unaware of any reluctant witnesses who would refuse to voluntarily appear in the Northern District. However, because the majority of witnesses appear to reside in the Northern District, Debtors propose that it would be more difficult to secure witnesses for trial of this Adversary Proceeding in the Southern District than the Northern District. As stated above, a substantial portion of the witnesses in this Adversary Proceeding will be the subcontractors who provided labor and materials for construction of Debtors' Hotel Properties. More than 80% of those subcontractors filed their lawsuits against Auer, Debtors and Related Debtors in the Northern District of Texas. Accordingly, compulsory service is likely to be more available in the Northern District than the Southern District.**

**— Cost of Attendance for Witnesses Will be Less in the Northern District of Texas**

31.     The third factor, cost of attendance for willing witnesses, militates in favor of transfer to the Northern District of Texas. "[T]he witnesses that would likely testify in this case will also be involved in [Debtors'] bankruptcy litigation, which is currently pending in the [Northern] District of Texas. Therefore, witness travel costs can be reduced if all related litigation occurs in one location." *Sabre Tech.*, WL4330897 at *10.  The subcontractor witnesses will be involved in Debtors' Chapter 11 cases, irrespective of the existence of this Adversary Proceeding.  At a minimum, the subcontractors will be forced to file claims, and defend against objections to such claims if necessary, in Debtors' bankruptcy cases in the Amarillo Division of the Northern District of Texas.  Further, it is likely that Debtors and Related Debtors will be forced to file adversary proceedings against some of the subcontractors in order to invalidate the subcontractors' liens.  In short, most, if not all, of the witnesses in this Adversary Proceeding will be forced to travel to the Bankruptcy Court in Amarillo, regardless of the venue of this Adversary.   Accordingly, transferring this Adversary Proceeding to the Amarillo Division of the Northern District of Texas will reduce costs for all parties involved.

**— Making Trial Easy, Expeditious and Inexpensive**

33.     Finally, the fourth factor, making trial of the case easy, expeditious and inexpensive, leans toward transferring the case to the Northern District of Texas.

34.     "As stated earlier, there is a strong presumption under § 1412 that venue should be in the court where the bankruptcy proceeding is pending.  Although some causes of action may not be subject to § 1412, the logic behind the presumption is nevertheless persuasive in this case.  Because all of the causes of action in this case are all either core bankruptcy proceedings or so closely related that they form part of the same controversy, they can most easily, expeditiously, and inexpensively be litigated in the bankruptcy court in the [Northern] District of Texas.

35.     *Id.* at *11.

36.     This Adversary Proceeding represents merely a portion of the proceedings encapsulated within Debtors' and Related Debtors' Chapter 11 bankruptcy cases.  It would be a tremendous burden on the several estates, as well as most of the other parties involved, to conduct this Adversary Proceeding in the Southern District of Texas.  The claims and counter-claims between Auer, Debtors and Related Debtors are virtually identical in every lawsuit comprising the Auer Litigation.  The easiest, most expeditious and inexpensive manner in which to resolve this Adversary Proceeding would be for it to be tried in conjunction with the four identical adversary proceedings already pending in the Northern District of Texas, Amarillo Division.

## XXXVII.PRAYER

XXXVIII.     WHEREFORE, PREMISES CONSIDERED, Debtors respectfully request that this Court grant their Motion to Transfer Venue, and order that this Adversary Proceeding be transferred to the Bankruptcy Court for the Northern District of Texas, Amarillo Division.

**Respectfully submitted,**

**s/ J. Randal Bays**

**J. Randal Bays, *attorney-in-charge***
**SBN 01943900**

Southern Dist. # 13169
1503 Hailey
Conroe, Texas 77301
Phone: (936) 760-7670
Fax: (936) 760-7671

*OF COUNSEL*:

Kristin Bays
SBN 00787914
Southern Dist. #19531
Bᴀʏs & Bᴀʏs
1503 Hailey
Conroe, Texas 77301
Phone: (936) 760-7670
Fax: (936) 760-7671

## CERTIFICATE OF SERVICE

This is to certify that on this         day of April, 2010, a true and correct copy of the above and foregoing document was sent by certified mail return receipt requested to the following:

    Donna C. Kline
    Attorney at Law
    16144 Bethel Road
    Montgomery, TX  77356

_____

J. Randal Bays

## EXHIBIT A

## CERTIFICATE OF INTERESTED PERSONS

**BORGER PROPERTIES, INC.**

CASE NO. 10-20168-RLJ-11

624 S. Polk , Suite 100
Amarillo, TX 79101-2364

Associated Supply Company, Inc.
co Scott W. Sharp
Timberlake, Weaver and Sharp, PC
1408-A Buddy Holly Ave.
Lubbock, TX 79401-4054

Borger Properties, Inc.
1424 Riverside Rd.
Roanoke, TX 76262-4409

Chetan Parikh
1420 Riverside Road
Roanoke, TX 76262-4409

Elliott Electric Supply
C/O Mathews, Stein, Shiels
8131 LBJ Freeway, Ste 700
Dallas, TX 75251-1352

Govind Patel
3312 Dickerson Road
Nashville, TN 37207-2955

INTERNAL REVENUE SERVICE
1100 COMMERCE STREET
DALLAS TX 75242-1100
MC5027DAL

J. Paulo Flores, PC
900 Jackson Street, Ste 550
Dallas, TX 75202-4466

Kaba Ilco Inc.
P.O. Box 12553
Succ. Ceentree-Villa
Montreal, Quebec, Canada,    H4C6R

Elliott Electric, Inc. d/b/a Elliott Electri
c/o Robert L. Eden, Esq.
Matthews, Stein, Shiels, L.L.P.
8131 LBJ Freeway
Suite 700
Dallas, TX 75251-1352

American Glass  & Mirror
503 S. May
Madisonville, TX 77864-2559

Associated Supply Company, Inc.
C/O Timberlake, Weaver & Sharp, PC
1408-A  Buddy Holly Ave.
Lubbock, TX 79401-4054

CIS Technology Inc.
5365 1st Street
Katy, TX 77493-2506

Contessa Inc.
2958 W. 509 S. Unit 15
Salt Lake City, UT 84104-3513

Elliott Electric, Inc. d/b/a Elliott Elect.
Robert L. Eden
MATTHEWS, STEIN, SHIELS, L.L.P.
8131 LBJ Freeway, Suite 700
Dallas, Texas 75251-1352
(972) 234-1750 Telecopier

Harish L. Patel
1424 Riverside Rd.
Roanoke TX 76262-4409

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 21126
PHILADELPHIA PA 19114-0326

Jim Stamport Plumbing
1371 County Road 605
Lexington, TX 78947-5316

Lallubhai Patel
563 Natalie Drive
Goodlettaville, TN  37072

(p)FIRST NATIONAL BANK DBA BANK OF COMMERCE
P O BOX 2750
PAMPA TX 79066-2750

Arrow Machinery
1121 Martin Luther King Blvd
Oklahoma City, OK 73117-4299

Benchmark Fabricating, LLC
P.O. Box 68
Dudley, GA 31022-0068

Chero-Key Piping Company
1800 Sherwood Forest
Suite D-1
Houston, TX 77043-3019

Craig, Terrill, Hale & Grantham LLP
1500 Broadway, Ste 400
Lubbock, TX 79401-3190

Flow Law Firm
P.O. Box 2673
Amarillo, TX  79105-2673

ICI Paints
21033 Network Place
Chicago, IL 60673-0001

Interstate Bank, ssb
c/o Don D. Sunderland
Mullin Hoard & Brown, LLP
P.O. Box 31656
Amarillo, TX 79120-1656

John R. Bankhead, Attorney
110  W. Cottonwood
P.O. Drawer 1839
Madisonville, TX 77864-6839

Lampman Concrete Construction
438 Wise Rd.
Decatur, TX 76234-7610

Martinez Drywall
1909 W. Walker Ct
Granbury, TX 76048-5675

Matthews, Stein, Shiels
8131 LBJ Freeway, Ste 700
Dallas, TX 75251-1352

(c)MCKINNEY LUMBER COMPANY LLC
3510 SAN PATRWYN HWY
MELISSA TX 75454-2665


Moore Space
810 S. Main
Borger, TX 79007-5802

National Bank of Commerce
%Thomas A. Bunkley, Jr.
P. O. Box 9175
Amarillo, TX 79105-9175

Opentek Inc.
1302 Prairie Point Drive
Rhome, TX 76078-5412


Otis Elevator
2546 Gravel Road
Bldg 18
Fort Worth, TX 76118-6974

Prayesh Kumar
411 Ave F NW
Childress TX 79201-3614

Rhynehart Roofing
6900 McCormick Road
Amarillo, TX 79118-3005


Solomon Electric Inc.
C/O Steve Bryant & Associates, LLP
3618 Mt. Vernon
Houston, TX 77006-4238

Southern Fastening Systems
650 Sanden Blvd.
Wylie, TX 75098-4948

Summers Group, Inc,
D/B/A Rexel
2711 LBJ Freeway, Ste. 950
Dallas, TX 75234-7480


Summit Electric Supply
2900 Stanford NE
Albuquerque, NM 87107-1814

Synthetics R Us LLC
7109 Windridge Place
Amarillo, TX 79109-6828

T & J Willis Equipment Rental & Sales
P.O. Box 36
Childress, TX 79201-0036


Triple J Fire Alarm System
P.O. Box 382195
Duncanville, TX 75138-1195

U.S. Attorney
ARB Plaza 2, Ste. 300, LB 238
500 S. Taylor
Amarillo, TX 79101-2442

U.S. Attorney In Charge
1100 Commerce Street
3rd Floor
Dallas, TX 75242-1074


U.S. Trustee
William T. Neary
1100 Commerce Street, RM 976
Dallas, TX 75242-1011

UST U.S. Trustee
1100 Commerce Street
Room 976
Dallas, TX 75242-1011

United States Aluminum Corp.
767 Monterey Park Road
Monterey Park, CA 91754-3698


Vesmal Patel
3260 Hwy 45 N. 16D
Tupelo, MS 38804

Vinod B. Patel
1406 US Hwy 27 North
Sebring, FL 33870-1952

Yogesh B. Parikh
27 Westwind Dr.
Lemoyne, PA 17043-1234


National Bank of Commerce
P. O. Box 590
Shamrock, TX 79079

**WHEELER HOSPITALITY, INC.**

**CASE NO. 10-20166-RLJ-11**

CitizensBank
c/o M. Andrew Stewart
Mullin Hoard & Brown, LLP
P.O. Box 2585
Lubbock, TX 79408-2585

624 S. Polk , Suite 100
Amarillo, TX 79101-2354

American Hallmark Insurance Co. Of Texas
P.O. Box 901869
Fort Worth, TX 76101-2089

Associated Supply Company, Inc.
C/O Timberlake, Weaver & Sharp, PC
108-A Buddy Holly Ave.
Lubbock, TX 79401

Associated Supply Company, Inc.
co Scott W. Sharp
Timberlake, Weaver and Sharp, PC
1408-A Buddy Holly Ave.
Lubbock, TX 79401-4054

Waymont Franchise Systems Inc.
14227 Collections Center Drive
Chicago, IL 60693-0001

Charles F. Kuntz
111 W. Texas
Wheeler, TX 79096

Chero-Key Piping Company
1800 Sherwood Forest
Suite D-1
Houston, TX 77043-3019

Chetan Parikh
1420 Riverside Road
Roanoke, TX 76262-4409

CitizensBank
711 North Main
Shamrock, TX 79079-2037

Desert Aire
N. 120W
18485 Freistadt Road
Germantown, WI 53022

Harish L. Patel
1424 Riverside Rd.
Roanoke TX 76262-4409

INTERNAL REVENUE SERVICE
1100 COMMERCE STREET
DALLAS TX 75242-1100
MC5027DAL

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 21126
PHILADELPHIA PA 19114-0326

Interstate Bank, ssb
c/o Don D. Sunderland
Mullin Hoard & Brown, LLP
P.O. Box 31656
Amarillo, TX 79120-1656

Jubilee Construction
950 Kendalia Ave.
San Antonio, TX 78221-1042

(c)MCKINNEY LUMBER COMPANY
3510 OAK RAYBURN HWY
MELISSA TX 75454-2665

Otis Elevator
2516 Gravel Road
Bldg 10
Fort Worth, TX 76118-6974

Preyesh Kumar
411 Ave P NW
Childress TX 79201-3614

Procast Marble
2950 W. 500 S., Suite 15
Salt Lake City, UT 84104-3513

Robert W. Stiles
8100 Stiles Ranch Rd.
Wheeler, TX 79096-7738

Texas Comptroller Of Accounts
P.O. Box 13528, Capitol Station
Austin, TX 78711-3528

U.S. Attorney
AWB Plaza 2, Ste. 300, LB 238
500 S. Taylor
Amarillo, TX 79101-2442

U.S. Attorney In Charge
1100 Commerce Street
3rd Floor
Dallas, TX 75242-1074

U.S. Trustee
William T. Neary
1100 Commerce Street, RM 976
Dallas, TX 75242-1011

UST U.S. Trustee
1100 Commerce Street
Room 976
Dallas, TX 75242-1011

Wheeler Hospitality, Inc.
1424 Riverside Road
Roanoke, TX 76262-4409

William G. Stiles, Jr.
8090 Stiles Ranch Rd.
Wheeler, TX 79096-7724

**BORGER HOSPITALITY, INC.**

**CASE NO. 10-20170-RLJ-11**

Elliott Electric, Inc. d/b/a Elliott Electri
Matthews, Stein, Shiels, L.L.P.
8331 LBJ Freeway
Suite 700
Dallas, TX 75251-1352

Ferguson Enterprises, Inc.
6902 42nd Street
Lubbock, TX 79407-3770

---

624 S. Polk , Suite 100
Amarillo, TX 79101-2364

Arrow Machinery
1221 Martin Luther King Blvd
Oklahoma City, OK 73117-4299

Associated Supply Company, Inc.
co Scott W. Sharp
Timberlake, Weaver and Sharp, PC
1408-A Buddy Holly Ave.
Lubbock, TX 79401-4054

---

Associated Supply Companyy, Inc.
CO Timberlake, Weaver & Sharp, PC
1408-A  Buddy Holly Ave.
Lubbock, TX 79401-4054

Borger Hospitality, Inc.
1424 Riverside Rd.
Roanoke, TX 76262-4409

CW Supply - Belton
P.O. Box 487
Waco, TX 76703-0487

---

CRE Energy
P.O. Box 700
Stanton, TX 79782-0700

Chase Card Services
P.O. 15298
Wilmington, DE  19850-5298

Chero-Key Piping Company
1808 Sherwood Forest
Suite D-1
Houston, TX 77043-3019

---

Chris Floyd Welding
602 W. 44th
San Angelo, TX 76903-1530

Citizens National Bank
CO Gabe Herald
4921 N. May Avenue
Oklahoma City, OK 73112-6041

Clina Construction, Inc.
P.O. Box 832
Big Spring, TX 79721-0832

---

Contessa Inc.
2350 W. 500 S. Unit 15
Saltt Lake City, UT 84104-3513

Contractors Access Equipment
3001 Roy Orr Blvd.
Grand Prairie, TX 75050-7108

Cowtown Materials, Inc.
4301 Old Denton Road
Fort Wortth, TX 76117-2352

---

Craig, Terrill, Hale & Grantham LLP
1500 Broadway, Ste 400
Lubbock, TX 79401-3100

DeHaan & Bach
P.O. Box 929
Milford, OH 45150-0929

Deepa Floyd
4314 Riverfalls Ct.
San Angelo, TX 76903-9497

---

Devangi A. Desai
55 Stonehill Road
Hyde Park, MA 02136-1234

Elliott Electric Supply
CO Mathews, Stein, Shiels
8131 LBJ Freevy, Ste 700
Dallas, TX 75251-1352

Elliott Electric, Inc. d/b/a Elliott Elec. S
c/o Robert Eden, Esq.
MATTEWS, STEIN, SHIELS, L.L.P.
8131 LBJ Freeway, Suite 700
Dallas, Texas 75251-1352
(972) 234-1750 Telecopier

---

Ferguson Enterprises, Inc.
c/o Jeff B. Lashaway
Boerner, Dennis & Franklin, PLLC
P.O. Box 1738
Lubbock, Texas 79408-1738

Govind Patel
3312 Dickerson Road
Nashville, TN 37207-2955

Harish L. Patel
1424 Riverside Rd.
Roanoke TX 76262-4409

---

ICI Paints
21033 Network Place
Chicago, IL 60673-0081

INTERNAL REVENUE SERVICE
1100 COMMERCE STREET
DALLAS TX 75242-1100
MC5027DAL

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 21126
PHILADELPHIA PA 19114-0326

Interstate Bank, SSB
CO Don D. Sunderland
Mullin Hoard & Brown, LLP
P.O. Box 31656
Amarillo, TX 79120-1656

J. Michael Jaynes
Attorney At Law
4324 N. Belt Line Rd., Ste C1111
Irving, TX 75038-3585

JM & C Plastering
616 Pleasant Hill, Unit A
Nolanville, TX 76559-4582

JMC Plastering
2667 Twin Hill Rd.
Kempner, TX 76539-6844

Kaba Ilco Inc.
P.O. Box 11553
Succ. Ceentree-Ville
Montreal, Quebec H3C 6R1
Canada

Kavita Loonker
1927 Santa Fe Drive
Weatherford, TX 76086-6423

Lallubhai Patel
563 Natalie Drive
Goodlettsville, TN  37072

Leo Concrete
1318 W. 9th St.
Conroe, TX 77301-2417

MTT Communication
381 Brookglen Drive
Sachse, TX  75048

Malone Legal Group, PLLC
4245 Kemp, Suite 520
Wichita Falls, TX 76308-2847

Martinez Drywall
1909 Walker Dr.
Granbury, TX 76048-5675

(c)MCKINNEY LUMBER COMPANY LLC
3510 SAM RAYBURN HWY
MELISSA, TX  75454-2665

Morrison Supply Company
P.O. Box 70
Fort Worth, TX 76101-0070

Northern Law Firm
112 W. 8th Ave., Se  400
Amarillo, TX 79101-2314

Opantek Inc.
1302 Prairie Point Drive
Rhome, TX 76078-5412

Otis Elevator
2516 Gravel Road
Bldg 18
Fort Worth, TX 76118-6974

Prayesh Kumar
431 Ave F NW
Childress TX 79201-3614

Rhynehart Roofing
6900 McCormick Road
Amarillo, TX 79118-3085

Robert W. Stiles
8209 Stiles Ranch Rd.
Wheeler, TX 79096-7738

Schindler Elevator Corporation
CO Wear Law Offices
1811 N. Park Row
Arlington, TX 76013-3505

Skipworth Plumbing
4936 Hwy. 79 South
P.O. Box 4264
Wichita Falls, TX 76308-0264

Solomon Electric Inc.
CO Steve Bryant & Associates, LLP
3618  Mt. Vernon
Houston, TX 77006-4238

Summit Electric Supply
2900 Stanford NE
Albuquerque, NM 87107-1814

Sunbelt Rentals
1275 W. Mound St.
Columbus, OH 43223-2213

(p)TEXAS COMPTROLLER OF PUBLIC ACCOUNTS
REVENUE ACCOUNTING DIV - BANKRUPTCY SECTION
PO BOX 13528
AUSTIN TX 78711-3528

The Glidden Company
dba ICI Paints
16651 Sprague Road
Strongville, OH 44136-1757

Triple J Fire Alarm System
P.O. Box 381195
Duncanville, TX 75138-1195

U.S. Attorney
AMB Plaza 2, Ste. 300, LB 238
500 S. Taylor
Amarillo, TX 79101-2442

U.S. Attorney In Charge
1100 Commerce St. Rm. 300
Dallas, TX 75242-1074

Wear Law Offices
1811 N. Park Row
Arlington, TX 76013-3505

West Texas State Bank
P. O. Box 1396
1901 26th Street
Snyder, TX 79550-1396

West Texas State Bank
P. O. Box 1396
Snyder, TX 79550-1396

William G. Stiles, Jr.
8890 Stiles Ranch Rd.
Wheeler, TX 79096-7724

UST U.S. Trustee
1100 Commerce Street
Room 976
Dallas, TX 75242-1011

**DECATUR HOSPITALITY, INC.**

**CASE NO. 10-20171-RLJ-11**

Cowtown Materials, Inc.
Matthews, Stein, Shiels, L.L.P.
8131 LBJ Freeway
Suite 700
Dallas, TX 75251-1352

Decatur Hospitality Inc.
1424 Riverside Rd.
Roanoke, TX 76262-4409

Elliott Electric, Inc. d/b/a Elliott Electri
Matthews, Stein, Shiels, L.L.P.
8131 LBJ Freeway
Suite 700
Dallas, TX 75251-1352

Wise CAD
Linebarger Goggan Blair & Sampson, LLP
c/o Elizabeth Weller
2323 Bryan Street
Suite 1600
Dallas, TX 75201-2644

Wise County
Linebarger Goggan Blair & Sampson, LLP
c/o Elizabeth Weller
2323 Bryan Street
Suite 1600
Dallas, TX 75201-2644

624 S. Polk , Suite 100
Amarillo, TX 79101-2364

All Phase Electric
710 Carlisle Ct.
Lake Dallas, TX 75065-3059

Amarlgated Signs & Lighting
1420 Century Drive, Ste 200
Carrolton, TX 75006-3686

Anil S. Patel
3605 Oliver Dr.
Keller, TX 76244-8671

Brundage-Bone Concrete Pumping
2001 Hinton Drive
Irving, TX 75061-5626

Central Door  & BWD, Inc.
P.O. Box 9044
Fargo, ND  58106-9044

Chero-Key Piping Co.
1800 Sherwood forest Dr.  Bld. D-1
Houston, TX  77043-3025

Chetan Parikh
1420 Riverside Road
Roanoke, TX 76262-4409

Colorado Electric Supply Ltd.
C/O Jd Berberger & Associates
11767 Katy Freeway, Ste. 920
Houston, TX 77079-1782

Cowtown Materials, Inc.
c/o Robert L. Eden, Esq.
MATTHEWS, STEIN, SHIELS, L.L.P.
8131 LBJ Freeway, Suite 700
Dallas, Texas 75251-1352
(972) 234-1750 Telecopier

Dalipkumar G. Patel
833 Crestview Dr.
Coppell, TX 75019-6932

Elliott Electric Supply
C/O Mathews, Stein, Shiels
8131 LBJ Freeway, Ste 700
Dallas, TX 75251-1352

Elliott Electric, Inc. d/b/a Elliott Elec. S
Robert L. Eden
MATTHEWS, STEIN, SHIELS, L.L.P.
8131 LBJ Freeway, Suite 700
Dallas, Texas 75251-1352
(972) 234-1750 Telecopier

Elliott Electric, Inc. dba Elliott Elec. Sup
Robert L. Eden
MATTHEWS, STEIN, SHIELS, L.L.P.
8131 LBJ Freeway, Suite 700
Dallas, Texas 75251-1352
(972) 234-1750 Telecopier

Ferguson Enterprises Inc.
6002 42nd Street
Lubbock, TX 79407-3770

Harish L. Patel
1424 Riverside Rd.
Roanoke TX 76262-4409

ICI Paints
21033 Network Place
Chicago, IL 60673-0001

INTERNAL REVENUE SERVICE
1100 COMMERCE STREET
DALLAS TX 75242-1100
MC5027DAL

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 21126
PHILADELPHIA PA 19114-0326

Interstate Bank, ssb
5085 S. Coulter
Amarillo, TX 79119-6568

Interstate Bank, ssb
c/o Don D. Sunderland
Mullin Hoard & Brown, LLP
P.O. Box 31656
Amarillo, TX 79120-1656

Jose Luis Soto
12605 Heights Pl
Rhome, TX  76078

Judy Kurani
3501 Rugby Lane
Wichita Falls, TX 76310-1722

Kaba Ilco Inc.
P.O. Box 12553
Succ. Ceentree-Ville
Montreal, Quebec, Canada,     H3C6R

Kishore Patel
6921 Alexandras Oak Ct.
Cinncinnati, OH 45248-1050

Krishna M. Parikh
3824 Skyline Drive
Plano, TX 75025-2033

Lampman Concrete Construction
438 Wise Rd.
Decatur, TX 76234-7610

MTT Communication
381 Brookglen Drive
Sachse, TX  75048

Manu A Suresh
12023 Fairford Ave.
Norwalk, CA 90650-7748

Martin Medina
127 PR 4436
Rhome, TX  76078

(c)MCKINNEY LUMBER COMPANY LLC
3510 SAM RAYBURN HWY
MELISSA TX  75454-2665

Morrison Supply Company
P.O. Box 70
Fort Worth, TX 76101-0070

Otis  Elevator
2516 Gravel Road
Bldg 18
Fort Worth, TX 76118-6974

Preyesh Kumar
411 Ave F NW
Childress TX 79201-3614

Rubin Ortiz
705 N. Church
Decatur, TX 76234-1105

Solomon Electric Inc.
C/O Steve Bryant & Associates, LLP
3618  Mt. Vernon
Houston, TX 77006-4238

South County  Glazing, LLC
P.O. Box 363
Rhome, TX 76078-0363

Steve  Scanlon
300  W. Hale
Decatur, TX 76234-2130

Summers Group, Inc,
D/B/A Rexel
2711 LBJ Freeway, Ste. 950
Dallas, TX 75234-7480

Summit Electric Supply
2900 Stanford NE
Albuquerque, NM 87107-1814

Sunbelt Rentals
1275 W. Mound St.
Columbus, OH 43223-2213

Sunstate Equipment Company
C/O Schlanger, Silver, Barg & Paine, LLP
P.O. Box 570548
Houston, TX  77257-0548

Susan R. Duesler
Attorney At Law
2512 Boll Street
Dallas, TX 75204-2512

Triple J Fire Alarm System
P.O. Box 381195
Duncanville, TX 75138-1195

True Grit Redi - Mix, LTD
1250 Business Hwy 28 N
Fort Worth, TX  76179

U.S. Attorney
ANB Plaza 2, Ste. 300, LB 238
500 S. Taylor
Amarillo, TX  79101-2442

U.S. Attorney In Charge
1100 Commerce Street
3rd Floor
Dallas, TX  75242-1074

U.S. Trustee
William T. Neary
1100 Commerce Street, RM 976
Dallas, TX  75242-1011

UST U.S. Trustee
1100 Commerce Street
Room 976
Dallas, TX  75242-1011

Wise CAD
Linebarger Goggan Blair & Sampson, LLP
c/o Elizabeth Weller
2323 Bryan Street Suite 1600
Dallas, TX 75201-2644

Wise County
Linebarger Goggan Blair & Sampson, LLP
c/o Elizabeth Weller
2323 Bryan Street Suite 1600
Dallas, TX 75201-2644

Zaco Developers
2222 Hollyfield Lane
Katy, TX 77493-3504

  
**EXHIBIT B**

**INDEX OF PLEADINGS**

**Case Number 09-01-00563*; Auer Corporation v. Decatur Hospitality, Inc.;* in the 9th District Court in and for Montgomery County, Texas:**

**Attachment 1:**   **Rule 11 Agreement to accept service and file an Answer**
**Attachment 2:**   **Notice of Second Rule 11 Agreement filing**
**Attachment 3:**   **Defendant Decatur Hospitality, Inc.'s Motion to Transfer Venue and Subject Thereto Original Answer and Counterclaim**
**Attachment 4:**   **Plaintiff's Original Petition – Conventionally filed January 20, 2009**
**Attachment 5:**   **Discovery Control Plan**
**Attachment 6:**   **Motion to Withdraw**
**Attachment 7:**   **Notice of Submission on Motion to Withdraw**
**Attachment 8:**   **Order Granting Motion to Withdraw**
**Attachment 9:**   **Motion for Partial Summary Judgment**
**Attachment 10:**  **First Amended Petition**
**Attachment 11:**  **Defendant's Motion for Continuance of Plaintiff's Motion for Partial Summary Judgment Setting**
**Attachment 12:**  **Proposed Order Granting Defendant's Motion for Continuance**
**Attachment 13:**  **Notice of Submission of Defendant's Motion for Continuance**
**Attachment 14:**  **Motion to Consolidate, for Continuance and to Abate**
**Attachment 15:**  **Notice of Submission of Defendant's Motion to Consolidate, for Continuance and to Abate**
**Attachment 16:**  **Proposed Order Granting Defendant's Motion to Consolidate, for Continuance and to Abate**
**Attachment 17:**  **Defendant's Response to Plaintiff's Motion for Partial Summary Judgment**
**Attachment 18:**  **Proposed Order Denying Plaintiff's Motion for Partial Summary Judgment**
**Attachment 19:**  **Order Denying Plaintiff's Motion for Partial Summary Judgment**
**Attachment 20:**  **Designation of Attorney in Charge**
**Attachment 21:**  **Response**
**Attachment 22:**  **Order Granting Consolidation, Continuance, and Abatement**
**Attachment 23:**  **Auer Corporation's Certificate of Written Discovery**
**Attachment 24:**  **Notice of Appearance of Additional Counsel**
**Attachment 25:**  **Teague's Counterclaim**
**Attachment 26:**  **Auer's Counterclaim**
**Attachment 27:**  **Motion for Withdrawal of Counsel**
**Attachment 28:**  **Proposed Order of Withdrawal of Counsel**
**Attachment 29:**  **Order Granting Withdrawal of Counsel**
**Attachment 30:**  **Motion to Withdraw as Attorney of Record**
**Attachment 31:**  **Setting Request**
**Attachment 32:**  **Objection to Motion to Withdraw**
**Attachment 33:**  **Auer Corporation's Motion in Limine; Ray Teague's Motion in Limine; Proposed Order on Motions in Limine**
**Attachment 34:**  **Exhibit List; Auer Corporation Charge**
**Attachment 35:**  **Motion to Dismiss for Want of Prosecution and Proposed Order Granting Motion to Dismiss**

**Attachment 36:   Exhibits 1 129; Affidavit of Raymond Teague; Motion for Admission of Exhibits;**
**Proposed Order Admitting Exhibits; Proposed Final Judgment; Affidavit of**
**Donna C. Kline; Amended Certificate of Service; and Certificate of Last Known**
**Address**
**Attachment 37:   Affidavit of Donna C. Kline**
**Attachment 38:   Order on Motion to Withdraw as Attorney of Record**
**Attachment 39:   Order Granting Final Judgment**
**Attachment 40:   Order Granting Motion to Dismiss**
**Attachment 41:   Order Granting Auer Corporation's Motion for Admission of Exhibits**
**Attachment 42:   Order Granting Motions in Limine**
**Attachment 42A:  Suggestion of Bankruptcy**

**Case Number 09-01-00564; Auer Corporation v. Wheeler Hospitality, Inc. & Toli Inc.; in the 410th**
**District Court in and for Montgomery County, Texas  (consolidated into Case Number 09-01-**
**00563):**

**Attachment 43:   Defendants' Motion to Transfer Venue and Subject Thereto Original Answer and**
**Counterclaim**
**Attachment 44:   Notice of Rule 11 Filing; Notice of Filing Second Rule 11**
**Attachment 45:   Plaintiff's Original Petition – Conventionally filed 01/20/2009**
**Attachment 46:   Discovery Control Plan**
**Attachment 47:   July 1, 2009 Staff Change Letter from Court**
**Attachment 48:   Motion for Withdrawal of Counsel**
**Attachment 49:   Order of Withdrawal of Counsel**
**Attachment 50:   First Amended Petition**
**Attachment 50A:  Suggestion of Bankruptcy**

**Case Number 09-01-00565; Auer Corporation v. Borger Properties, Inc.; in the 9th District Court in**
**and for Montgomery County, Texas  (consolidated into Case Number 09-01-00563):**

**Attachment 51:   Rule 11 Agreement to accept service and file Answer**
**Attachment 52:   Notice of Second Rule 11 Filing**
**Attachment 53:        Defendant Borger Properties, Inc.'s Motion to Transfer Venue and Subject**
**Thereto Original Answer and Counterclaim**
**Attachment 54:        Plaintiff's Original Petition – Conventionally filed January 20, 2009**
**Attachment 55:        Discovery Control Plan**
**Attachment 56:        Motion for Partial Summary Judgment**
**Attachment 57:        First Amended Petition**
**Attachment 58:        Defendant's Motion for Continuance of Plaintiff's Motion for Partial**
**Summary Judgment Setting**
**Attachment 59:        Proposed Order Granting Defendant's Motion for Continuance**
**Attachment 60:        Notice of Submission of Defendant's Motion for Continuance**
**Attachment 61:        Motion to Consolidate, for Continuance and to Abate**
**Attachment 62:        Notice of Submission of Defendant's Motion to Consolidate, for Continuance**
**and to Abate**
**Attachment 63:        Proposed Order Granting Defendant's Motion to Consolidate, for**
**Continuance and to Abate**
**Attachment 64:        Defendant's Response to Plaintiff's Motion for Partial Summary Judgment**
**Attachment 65:        Proposed Order Denying Plaintiff's Motion for Partial Summary Judgment**

**Attachment 66:**          **Designation of Attorney in Charge**
**Attachment 67:**          **Order Denying Plaintiff's Motion for Partial Summary Judgment**
**Attachment 68:**          **Response**

**Attachment 69:**     **Order Granting Motion to Consolidate, Continue, and Abate**
**Attachment 70:**     **Order Granting Consolidation, Continuance, and Abatement – see new dates**
**Attachment 71:**     **Notice of MDL Filing**
**Attachment 72:**     **Motion for Withdrawal of Counsel**
**Attachment 73:**     **Order of Withdrawal of Counsel**
**Attachment 74:**     **Borger Properties, Inc., Borger Hospitality, Inc., and Decatur Hospitality, Inc.'s Motion to Set Post-Answer Default Judgment and "Order Granting Motion to Dismiss" Aside and for New Trial**
**Attachment 74A:  Suggestion of Bankruptcy**

**Case Number 09-06-06022***; DWOP Borger Hospitality, Inc. v. Auer Corporation;* **in the 9th District Court in and for Montgomery County, Texas  (consolidated into Case Number 09-01-00563):**

**Attachment 75:  Plaintiff's Original Petition; Respondent's Answer and Motion to Transfer; Order to Transfer; All Received from Martin County**
**Attachment 76:  Discovery Control Plan**
**Attachment 77:  Motion for Withdrawal of Counsel**
**Attachment 78:  Proposed Order of Withdrawal of Counsel**
**Attachment 79:  Order Granting Withdrawal of Counsel**
**Attachment 80:  Order Granting Dismissal**
**Attachment 80A:  Suggestion of Bankruptcy**