Montgomery County District Court
***EFILED***
LexisNexis Transaction ID: 23903551
Date: Feb 23 2009 4:21PM
Barbara Adamick, Clerk

CAUSE NO. 09-01-00563

| | | |
|---|---|---|
| AUER CORPORATION, | § | IN THE DISTRICT COURT |
| PLAINTIFF | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| DECATUR HOSPITALITY, INC. | § | |
| DEFENDANT | § | MONTGOMERY COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

Auer Corporation ("Auer"), Plaintiff, files this its Original Petition against Decatur Hospitality, Inc. ("Decatur"), and in support hereof shows:

### I.
### Discovery

Discovery in this cause shall be conducted under Level 2 pursuant to Rule 190.3 T.R.C.P.

### II.
### Parties

2.01    Plaintiff, Auer is a Texas Corporation with its principle office in Montgomery County, Texas.

2.02    Defendant, Decatur Hospitality, Inc. is a Texas Corporation doing business in Montgomery County, Texas, and may be served with process by serving its registered agent, Harish Patel, at its registered office located at _____.

### III.
### Venue and Jurisdiction

3.01    Decatur entered into a construction contract (the "Contract") with Auer, and the

Contract was to be performed in part in Montgomery County, Texas. Said Contract contains a forum selection clause with respect to which the parties agreed the District Courts of Montgomery County, Texas would have both venue and personal jurisdiction of disputes arising out of such Contract. Plaintiff's cause of action arose in part in Montgomery County, Texas.

3.02  The amount in controversy is within the jurisdictional limits of this Court.

## IV.
## Factual Background

4.01  Auer entered into a construction contract with Decatur to construct a Baymont Inn in Wise County, Texas ("the Hotel"). Decatur materially breached the Contract by, inter alia, failing to pay Auer. In fact, after numerous accommodations and changes on Auer's part to construct the Hotel to Decatur's specifications and directions, and not withstanding Decatur signing off on draw request authorizations, Decatur nonetheless refuses to pay Auer for the materials and labor furnished with regard to the construction.

4.02  Decatur has prevented Auer's performance under the Contract.

## V.
## Breach of Contract

5.01  Auer hereby incorporates Paragraph IV in its entirety.

5.02  The acts of Decatur in failing to pay Auer pursuant to the Contract constitutes a breach of contract for which Auer to recover its actual damages.

## VI.
## Fraud

6.01  Auer hereby incorporates Paragraph IV in its entirety.

6.02  The acts of Decatur as set forth herein in inducing Auer to continue to provide

materials and labor for the construction of the Hotel and in inducing Auer to continue construction of the Hotel, while intending not to pay Auer for said construction constitutes fraud for which Auer hereby seekd to recover its actual damages and punitive damages.

## VII.
## Attorney's Fees

As a result of Defendants' wrongful failure to pay the amounts due and owing to Auer, it has become necessary for Auer to employ the services of the undersigned attorney to aid in the collection of all sums due and owing to Auer. Auer sent demand pursuant to Sec. 38.001 et seq, Tex. Civ. Prac. and Rem. Code, and is entitled thereunder to recover its reasonable and necessary attorneys fees.

## VIII.
## Condition Precedent

All conditions precedent to Auer's right to recover the relief sought by this suit have occurred or have been satisfied.

Wherefore, Plaintiff, Auer, prays that Decatur be cited to appear and answer as required by law, and that upon final hearing, Auer be awarded judgment against Decatur for Auer's actual damages, together with prejudgment and post-judgment interest at the legal rate, punitive damages, costs of court and attorney's fees, and that Auer be granted such other and further relief as to which it may be justly entitled.



Respectfully submitted,

The Joseph Lawfirm

By: _____
Terry B. Joseph, SBN 11029500
1776 Woodstead Court, Ste. 107
The Woodlands, Texas 77380
Telephone: (281) 364-7222
Telecopier: (281) 364-7242

**ATTORNEY FOR PLAINTIFF,
AUER CORPORATION**

4